## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

THERESA MURRY,
          Appellant,

      v.

UNITED STATES POSTAL SERVICE,
          Agency.

DOCKET NUMBER
DA-0353-14-0103-I-1

DATE: October 17, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Theresa Murry, Lancaster, Texas, pro se.

Paul C. Wolf, Esquire, Dallas, Texas, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her restoration appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

### DISCUSSION OF ARGUMENTS ON REVIEW

¶2        The basis for the disposition below was that the appellant waived her Board appeal rights by resolving her restoration claim in a negotiated grievance procedure. The agency produced a settlement agreement dated April 18, 2012, which resolved grievances filed on behalf of the appellant and others, in which the agency agreed to afford the grievants an opportunity to provide updated medical information and management would then revisit the issue of whether work was available within each employee's medical restrictions. Initial Appeal File (IAF), Tab 6 at 21. The appellant admitted that she had filed the grievance in question but asserted that she was unaware of and did not participate in the settlement of that grievance and that she was unaware of the settlement until after she had filed the instant appeal. IAF, Tab 4 at 1-2; Tab 7 at ¶¶ 2, 5. In dismissing the appeal, the administrative judge cited case law indicating that a presumption exists that Board appeal rights are waived when the negotiated grievance procedure is used and the settlement of that grievance does not

specifically reserve the right to file a Board appeal. IAF, Tab 8, Initial Decision at 6-7.

¶3     On review, the appellant reiterates her contentions that she did not agree to the settlement of her grievance and that she was unaware of the existence of or terms of the settlement agreement until after she filed the instant appeal. Petition for Review File, Tab 1. Accepting the appellant's contentions as true, dismissal of the appeal was nonetheless appropriate. As the administrative judge stated, a presumption exists that Board appeal rights are waived when a grievance is pursued and the settlement of the grievance does not specifically reserve the right to file a Board appeal. *See, e.g.*, *Rhett v. U.S. Postal Service*, 113 M.S.P.R. 178, ¶ 8 (2010); *Hanna v. U.S. Postal Service*, 101 M.S.P.R. 461, ¶ 8 (2006). In addition, the Board has stated that, where an individual initiated and knew about the grievance at issue prior to the settlement of the grievance, but did not affirmatively disavow the grievance until filing a Board appeal, dismissal for lack of jurisdiction is appropriate. *See Johnson v. U.S. Postal Service*, 108 M.S.P.R. 502, ¶ 16 (2008), *aff'd*, 315 F. App'x 274 (Fed. Cir. 2009); *see also Hanna*, 101 M.S.P.R. 461, ¶ 15. The appellant does not dispute that she was aware of the grievance in question prior to the settlement agreement being executed and did not disavow the grievance until after she filed her Board appeal.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.