# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

ALTOINE BARKER,
        Appellant,

      v.

UNITED STATES POSTAL SERVICE,
        Agency.

DOCKET NUMBER
CH-0752-16-0158-I-1

DATE: December 14, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Altoine Barker, Chicago, Illinois, pro se.

Heather L. McDermott, Esquire, Chicago, Illinois, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        The agency proposed the appellant's removal from his City Carrier position. Initial Appeal File (IAF), Tab 7 at 42-51. The union filed a grievance on his behalf challenging the proposed action. *Id*. at 52-56; IAF, Tab 17 at 4. The agency issued a decision imposing the removal. IAF, Tab 7 at 58-60. Meanwhile, the appellant also filed the instant appeal challenging his removal. IAF, Tab 1. The agency and the union subsequently settled the grievance. IAF, Tab 17. The administrative judge issued an initial decision that dismissed the appeal for lack of jurisdiction because the grievance settlement was a final settlement of all of the appellant's challenges to his removal. IAF, Tab 34, Initial Decision (ID) at 2‑4. The appellant has filed a petition for review, the agency has responded, and the appellant has replied. Petition for Review (PFR) File, Tabs 1, 3‑4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶3        For the first time on review, the appellant includes the entire U.S. Postal Service and National Association of Letter Carriers Joint Contract Administration Manual and asserts that his removal violated the contract. PFR File, Tab 1 at 3, 6-473. We find that the appellant has not shown that this evidence and argument

previously was unavailable despite his due diligence and thus we do not consider it.  *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980); 5 C.F.R. § 1201.115(d).  In any event, it is immaterial to the dispositive jurisdictional issue and thus would not provide a basis for disturbing the initial decision.  *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980).

¶4        On review, the appellant asserts, as he did below, that he should not be bound by the settlement agreement because the union represented him regarding the proposal but acted on its own behalf when it settled his removal.  PFR File, Tab 1 at 3.  We disagree.

¶5        When an employee chooses to file and settle a grievance by agreeing to lesser discipline, that course of action is presumptively voluntary and therefore divests the Board of jurisdiction over the underlying matter.  *Rhett v. U.S. Postal Service*, 113 M.S.P.R. 178, ¶ 8 (2010); *Swink v. U.S. Postal Service*, 111 M.S.P.R. 620, ¶ 9 (2009), *aff'd*, 372 F. App'x 90 (Fed. Cir. 2010), *overruled on other grounds by Abbott v. U.S. Postal Service*, 121 M.S.P.R. 294 (2014).

¶6        Here, the appellant submitted arguments in support of the grievance regarding the proposed removal.  IAF, Tab 7 at 52-56.  He acknowledged that the union was representing him when he wrote to his representative stating his position regarding the grievance.  IAF, Tab 26 at 5-8.  After the agency issued its removal decision, the union and the agency entered into a Step B settlement regarding the grievance, agreeing to, among other things, reduce the notice of removal to a letter of warning, return the appellant to work, and make him whole from the period of his removal until his return to work.  IAF, Tab 17 at 4‑8.  The agreement stated that it was a complete and final settlement of the grievance.  *Id.* at 8.  The appellant has not provided any evidence that he involuntarily entered into the agreement, was unaware of the union's activities, or did not designate the union to act on his behalf.

¶7        Moreover, we find that the appellant failed to meet his burden of establishing that he reserved his Board appeal rights regarding the removal.

*Johnson v. U.S. Postal Service*, 108 M.S.P.R. 502, ¶ 16 (2008), *aff'd*, 315 F. App'x 274 (Fed. Cir. 2009). Considering the appellant's participation in the grievance process and the fact that he accepted a substantially reduced penalty as a result of the agreement, we find that he has not rebutted the presumption that he waived his Board appeal rights. Thus, we find that the administrative judge properly dismissed the appeal for lack of jurisdiction. *See Swink*, 111 M.S.P.R. 620, ¶ 11.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS[2]

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff.

---

[2] The administrative judge afforded the appellant mixed-case appeal rights. However, when, as here, the Board lacks jurisdiction over an appeal, we provide notice of nonmixed-case appeal rights. *Conforto v. Merit Systems Protection Board*, 713 F.3d 1111, 1117-19 (Fed. Cir. 2013). We have provided the appellant the proper review rights here.

Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:            _____
                          Jennifer Everling
                          Acting Clerk of the Board

Washington, D.C.