**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

DANIEL R. BLACK,
                Appellant,

      v.

DEPARTMENT OF THE INTERIOR,
           Agency.

DOCKET NUMBER
SF-0752-15-0642-I-1

DATE: February 21, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Arlene Black</u>, Newbury Park, California, for the appellant.

<u>Karen D. Glasgow</u>, Esquire, San Francisco, California, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member
Member Limon recused himself and
did not participate in the adjudication of this appeal.

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the agency's removal action. For the reasons set forth below, we

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

GRANT the petition for review, REOPEN the appeal under 5 C.F.R. § 1201.118,[2] VACATE the initial decision, and DISMISS the appeal as settled.

## BACKGROUND

¶2      The appellant was employed as a GL-09 Park Ranger at Channel Islands National Park in California.  Initial Appeal File (IAF), Tab 1 at 1; Tab 13, Subtab 4K.  Effective May 27, 2015, the agency removed him based on a charge of inability to meet a condition of his employment: failure to maintain his law enforcement commission.  IAF, Tab 4, Subtab 4A; Tab 13, Subtab 4K. Thereafter, the appellant filed an appeal with the Board challenging his removal. IAF, Tab 1 at 1.  On December 14, 2015, the administrative judge issued an initial decision affirming the appellant's removal.  IAF, Tab 30, Initial Decision (ID).  The initial decision stated that it would become final on January 18, 2016, unless a petition for review was filed by that date.  ID at 23.

¶3      On April 30, 2018, the parties reached a fully executed settlement agreement during the processing of the appellant's Equal Employment Opportunity (EEO) complaint.  Petition for Review (PFR) File, Tab 1 at 47-53.[3] On May 17, 2018, the appellant filed a petition for review.[4]  PFR File, Tab 1.  On

---

[2] Under 5 C.F.R. § 1201.118, the Board has discretionary authority to reopen an appeal in which an initial decision has become the Board's final decision by operation of law. In determining whether to reopen a decision, the Board balances the desirability of finality with the public interest in achieving the right result.  *Pierce v. Department of the Interior*, 104 M.S.P.R. 267, ¶ 3 (2006).  We find that, under the circumstances in this case, reopening of the appeal is appropriate.  *See id*., ¶¶ 1-3 (reopening an appeal when the parties reached a settlement agreement on the underlying merits of the appeal).

[3] The appellant previously filed a formal EEO complaint, dated January 30, 2015, regarding the revocation of his law enforcement commission.  PFR File, Tab 1 at 12-15. In an Order and Summary of Telephonic Prehearing Conference in his Board appeal, the administrative judge clarified that the appellant did not amend his EEO complaint to include his removal.  IAF, Tab 21 at 4 n.1.

[4] The Office of the Clerk of the Board advised the appellant that his petition for review appeared to be untimely filed and invited him to file a motion to accept the filing as timely or to waive the time limit for good cause.  PFR File, Tab 2.  The appellant

review, the appellant moved to vacate the initial decision based on the April 30, 2018 settlement agreement, and he attached a copy of the settlement agreement to his petition.[5]  *Id.* at 3-9, 47-53.  The agency has not filed a response to the appellant's petition for review.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4        A settlement agreement is a contract, the interpretation of which is a matter of law.  *Greco v. Department of the Army*, 852 F.2d 558, 560 (Fed. Cir. 1988). The words of the agreement are of paramount importance in determining the parties' intent when they contracted.  *Id.*  It is well settled that the Board may review a settlement agreement reached outside of a Board proceeding to determine its effect on a Board appeal and any waiver of Board appeal rights.[6] *E.g.*, *Swidecki v. U.S. Postal Service*, 101 M.S.P.R. 110, ¶ 7 (2006); *see Lee v. U.S. Postal Service*, 111 M.S.P.R. 551, ¶ 4 (2009), *aff'd*, 367 F. App'x 137 (Fed. Cir. 2010).

---

subsequently moved to waive the time limit, alleging that he filed his petition for review in a timely manner following the execution of the settlement agreement.  PFR File, Tab 3.  In light of our decision to reopen the appeal and dismiss it as settled, we need not address the timeliness of the appellant's petition for review.

[5] The appellant has also attached to his petition for review numerous other documents, most of which appear to relate to the merits of his removal appeal and EEO complaint. PFR File, Tab 1 at 12-45, 54-147.  Because this appeal has been settled, these documents are not material to the outcome of the appeal; thus, we need not consider them.  *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (stating that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision); *cf. Lee v. U.S. Postal Service*, 111 M.S.P.R. 551, ¶ 10 (2009) (declining to reach the other issues raised by the appellant on petition for review when the appeal was dismissed as settled), *aff'd*, 367 F. App'x 137 (Fed. Cir. 2010).

[6] The Board, however, lacks the authority to enforce a settlement agreement that was reached in another forum.  *Lee*, 111 M.S.P.R. 551, ¶ 4 n.2; *Johnson v. U.S. Postal Service*, 108 M.S.P.R. 502, ¶ 8 n.5 (2008), *aff'd*, 315 F. App'x 274 (Fed. Cir. 2009).

¶5     We find that, here, the April 30, 2018 settlement agreement encompassed the matters in the appellant's Board appeal.  In particular, the settlement agreement's explicit terms stated, inter alia, as follows:

> In exchange for the valuable consideration provided to and acknowledged by the Complainant and described fully in this Settlement Agreement, Complainant voluntarily agrees for himself and his heirs, executors, administrators, representatives (legal and personal) and assigns, to fully and forever release and discharge the Agency  . . . from any and all matters, issues, complaints, claims, actions, grievances, demands, damages, expenses, and liabilities of every kind or nature whatsoever, that Complainant has raised, could have raised, or contemplated raising, arising directly or indirectly from any acts, omissions, incidents, or circumstances arising out of or relating to Complainant's employment with the Agency, up to and including the effective date of this Settlement Agreement.

PFR File, Tab 1 at 48.  The appellant's removal was a claim that arose from his employment with the agency before the settlement agreement was executed. Therefore, we find that the plain meaning of the settlement agreement's terms included the appellant's appeal.  *See Lee*, 111 M.S.P.R. 551, ¶ 7.  Further, by agreeing to "fully and forever release" the agency from "all matters, issues, complaints, claims, actions, grievances, demands, damages, expenses, and liabilities of every kind or nature" before the April 2018 execution of the settlement agreement, the appellant waived his right to appeal his May 2015 removal to the Board.  PFR File, Tab 1 at 48; *see Lee*, 111 M.S.P.R. 551, ¶ 7 (finding that, pursuant to the settlement agreement's release, the appellant waived his right to appeal his constructive suspension to the Board).

¶6     We further find that the waiver of Board appeal rights is enforceable.  A waiver of appeal rights in a settlement agreement is enforceable if its terms are comprehensive, freely made, and fair, and execution of the waiver did not result from agency duress or bad faith.  *Lee*, 111 M.S.P.R. 551, ¶ 4.  Here, the settlement agreement provided that the parties voluntarily and knowingly entered into it, and the agreement was signed by both the appellant and his

representative. PFR File, Tab 1 at 47; *see Lee*, 111 M.S.P.R. 551, ¶ 9 (noting that the fact that the settlement agreement was signed by the appellant and his representative was a significant factor in determining the validity of the settlement agreement). Accordingly, we find the release in the April 30, 2018 settlement agreement to be an enforceable waiver of the appellant's Board appeal rights and, further, that the appellant understood the terms of the agreement.

¶7        In sum, we find that the settlement agreement reached in the processing of the appellant's EEO proceeding encompassed the matters raised in the appellant's Board appeal, that the appellant knowingly and voluntarily signed the settlement agreement, and that the appellant waived his Board appeal rights in the settlement agreement.[7]  Accordingly, we vacate the initial decision and dismiss the appeal with prejudice to refiling (i.e., the parties normally may not refile this appeal). This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113 (5 C.F.R. § 1201.113).

## NOTICE OF APPEAL RIGHTS[8]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a

---

[7] Because the settlement agreement provides for enforcement under the regulations of the Equal Employment Opportunity Commission, we do not enter the settlement agreement into the record for enforcement. PFR File, Tab 1 at 45.

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions to provide a comprehensive summary of all available review options. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  <u>5 U.S.C. § 7703</u>(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.   5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).   If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and you wish to challenge the Board's rulings on <u>your whistleblower claims only, excluding all other issues</u>, then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9]  The court of appeals must <u>receive</u> your

---

[9] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                            /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.