NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3253

LOGAN JOHNSON,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Arthur R. Ehrlich, Goldman & Ehrlich, of Chicago, Illinois, for petitioner.

Tara K. Hogan, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were Jeanne E. Davidson, Director, and Todd M. Hughes, Deputy Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3253

LOGAN JOHNSON,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Petition for review of the Merit Systems Protection Board in CH0752060177-B-1.

_____

DECIDED : March 9, 2009

_____

Before LOURIE, SCHALL, and GAJARSA, <u>Circuit Judges</u>.

PER CURIAM.

## DECISION

Logan Johnson appeals from the final order of the Merit Systems Protection Board ("Board") dismissing his appeal for lack of jurisdiction. <u>Johnson v. U.S. Postal Serv.</u>, CH-0752-06-0177-B-1 (M.S.P.B. Apr. 7, 2008). Because the Board did not err in finding that it lacked jurisdiction, we <u>affirm</u>.

BACKGROUND

On April 18, 1995, Johnson suffered a back injury while working as a mail handler at the United States Postal Service's ("USPS's") Processing & Distribution Center in Detroit, Michigan. He filed a claim at the Office of Worker's Compensation ("OWCP"), which OWCP accepted. The next month, Johnson returned to work and suffered a recurrence of his injury. He filed a Notice of Recurrence with OWCP. This time, OWCP disallowed Johnson's claim.

Johnson, unable to return to work, was charged with being on unscheduled leave without pay from June 8, 1998 through July 31, 1998. After that, USPS charged him with being absent without leave ("AWOL") from August 1, 1998 through October 20, 1998. On the last day of his AWOL period, USPS issued a Notice of Proposed Removal based on "excessive absenteeism." Johnson filed a grievance of the proposed removal through the National Postal Mail Handlers Union ("NPMHU") on November 3, 1998.

On June 14, 1999, prior to arbitration, USPS and NPMHU executed a settlement agreement regarding Johnson's grievance. That agreement, which is at the heart of the present appeal, stipulated that Johnson would be "allowed" ten days to obtain medical clearance to return to his duties as a mail handler. If he did so, he would be reinstated with "no restrictions." If, however, he failed to obtain such clearance, "the grievance would be considered closed." The agreement stated both that it was "a final and complete settlement of the subject grievance" and that it constituted "a full and final settlement of the subject grievance and resolves all issues pertaining thereto." The agreement reserved Johnson's rights to apply for disability retirement in the event that

he was unable to obtain medical clearance to return to his position, but was silent as to the existence of any further appeal rights.

A few days after the settlement agreement was reached, Johnson was informed of the settlement decision and instructed to report to the medical unit to obtain a clearance. Shortly thereafter (the exact time is disputed by the parties) Johnson met with a physician at the medical unit. The physician's report of that meeting does not indicate that any medical examination took place. Rather, the report indicates that the USPS physician contacted Johnson's private physician and confirmed that Johnson was unable to return to work. Furthermore, the report stated that "Johnson has stated that he does not know why the Union and Labor want him to come back to work. Please take administrative action as this employee does not want this job."

Over a year passed with no official action on Johnson's case. Then, on October 24, 2000, Johnson was again summoned to the medical unit. Johnson was given a Fitness for Duty Examination, which he failed. USPS then issued an SF-50 on December 12, 2000, removing Johnson from his position effective December 26, 2000.

Johnson appealed his removal to the Board on December 20, 2005, nearly five years after being removed. In an initial decision, the AJ issued dismissed Johnson's appeal as untimely. On appeal, the Board vacated the initial decision and remanded to the regional office for further adjudication. On review from the regional office, the AJ found that there was good cause for Johnson's untimely filing. The timeliness of Johnson's appeal is not at issue before us.

Once the timeliness issue had been resolved in Johnson's favor, the AJ found that the Board possessed jurisdiction over Johnson's appeal. Johnson v. U.S. Postal

Serv., CH-0752-06-0177-B-1 at 7 (M.S.P.B. Nov. 2, 2007). As a preliminary matter, the AJ found that Johnson had entered into the settlement agreement voluntarily, in spite of Johnson's arguments to the contrary. The AJ also found that Johnson had overcome the presumption of waived appeal rights that accompanies a settlement agreement. The AJ based this finding on numerous facts, including that USPS did not remove Johnson for over a year after entering into the settlement agreement, that USPS removed Johnson for reasons other than those stated in its Notice of Proposed Removal, and that Johnson had no appeal right to waive at the time of the settlement. Finally, the AJ found that Johnson had been denied minimum due process rights regarding his removal.

On appeal to the Board for a second time, the Board again reversed the AJ's decision. The Board found that it lacked jurisdiction over Johnson's appeal. According to the Board, Johnson failed to overcome the presumption of waived appeal rights because he had voluntarily entered into the settlement agreement, and the agreement did not expressly reserve the right to appeal to the Board. Thus, according to the Board, because the settlement permitted Johnson's removal and was "final," the Board lacked jurisdiction to hear the appeal.

Johnson timely appealed the Board's dismissal. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

The scope of our review of an appeal from a Board decision is limited. We can only set aside Board decisions that are "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by

law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); see Briggs v. Merit Sys. Prot. Bd., 331 F.3d 1307, 1311 (Fed. Cir. 2003). Interpretation of a settlement agreement is a question of law that we review de novo. King v. Dep't of the Navy, 130 F.3d 1031, 1033 (Fed. Cir. 1997).

On appeal, Johnson argues that the Board abused its discretion in finding that the settlement agreement was binding on him. In support of his position, he points to the fact that he did not sign the agreement, opposed the terms of the agreement, and expressly told the medical examiner that he did not want to return to work. Alternatively, Johnson argues that the agreement does not call for his immediate removal in the case of a failed medical examination. The proper reading of the settlement's terms, according to Johnson, is one that permits an appeal to the Board.

In response, the government contends that substantial evidence establishes the Board's finding that the settlement was valid and voluntary. The government also agrees with the Board's interpretation of the settlement agreement as divesting Johnson of the right to appeal to the Board.

We agree with the government that the Board lacked jurisdiction to hear Johnson's appeal. As a preliminary matter, we agree with the Board that Johnson is bound by NPMHU's settlement agreement, which was entered into on Johnson's behalf. Proving invalidity of a settlement agreement places a "heavy burden" on a petitioner. Ashberry v. U.S. Postal Serv., 692 F.2d 1378, 1380 (Fed. Cir. 1982). Johnson's primary argument supporting invalidity of the agreement is that his failure to sign the settlement renders the agreement invalid. That argument was squarely rejected in Mays v. United

States Postal Service. 995 F.2d 1056, 1059 (Fed. Cir. 1993) (upholding the finding of voluntariness of a settlement agreement that was not signed). Johnson also claims that, regardless of the need for a signed agreement, he should not be bound by an agreement of which he did not approve. However, Johnson does not argue that NPMHU lacked authority to settle his grievance nor that he did anything to disavow the agreement, other than telling the USPS examining physician that he did not want to return to his prior position. With such a paucity of evidence regarding the invalidity of the agreement at the time it was entered, or any subsequent official repudiation by Johnson, we find that Johnson has not met the "heavy burden" of demonstrating that the settlement agreement is invalid. Johnson is therefore bound by the actions of his chosen representative, NPMHU.

After affirming the validity of the settlement agreement, the remaining question is whether the existence of that settlement agreement divests the Board of jurisdiction in this case. We conclude that it does. It is undisputed that the settlement agreement does not expressly reserve Johnson's appeal rights. That fact is fatal to Johnson's case, because "[t]he burden is on the employee to expressly reserve the [right of appeal] if he chooses to settle a grievance." Mays, 995 F.2d at 1060. Indeed, the agreement appears to waive such rights by declaring that it is "a full and final settlement of the subject grievance." Thus, the settlement agreement divests the Board of jurisdiction in this case.

Accordingly, because the Board properly dismissed Johnson's appeal for lack of jurisdiction, we affirm the Board's decision.

2008-3253

-6-

COSTS

No costs.