# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

GLORIA H. LOJEWSKI,

          Appellant,

        v.

UNITED STATES POSTAL SERVICE,

          Agency.

DOCKET NUMBER
AT-0353-16-0069-I-1

DATE: October 11, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Bensy Benjamin</u>, Esquire, Washington, D.C., for the appellant.

<u>Margaret L. Baskette</u>, Esquire, Tampa, Florida, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal as withdrawn. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision dismissing the appeal as withdrawn, and DISMISS the appeal for lack of jurisdiction.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2     The appellant, a nonpreference-eligible City Carrier with the agency, filed a Board appeal alleging that the agency violated her restoration rights when it failed to comply with a grievance decision requiring it to provide her with a limited-duty work assignment within her medical restrictions and a retroactive pay adjustment. Initial Appeal File (IAF), Tab 1 at 1, 4, 6, Tab 8 at 14. The agency moved to dismiss the appeal, arguing that the Board lacked jurisdiction over the appeal because: (1) the appellant had settled her restoration claim during the grievance process prior to filing her Board appeal and had not reserved the right to appeal to the Board; and (2) the Board lacked authority to enforce the grievance settlement. IAF, Tab 8 at 4-12. With its motion to dismiss, the agency submitted a copy of a grievance decision, dated September 16, 2015, which indicated that the agency and the appellant had settled the appellant's grievance regarding her restoration claim approximately a month before she filed her Board appeal. *Id*. at 14-17; *see* IAF, Tab 1 at 1.

¶3     On January 12, 2016, the administrative judge ordered the appellant to submit evidence and argument in support of her position if: (1) she disagreed that the issues that she raised in her Board appeal were settled during the grievance process; or (2) she disagreed that the Board lacked jurisdiction over her appeal due to the settlement of her grievance. IAF, Tab 10 at 2. On January 26, 2016, the appellant's counsel filed a pleading indicating that she was withdrawing from representing the appellant.[2] IAF, Tab 12 at 4. The pleading further stated that the appellant did not intend to file a brief in response to the January 12, 2016

---

[2] When the appellant initially filed her Board appeal, she was represented by Matthew Ward, Esquire. IAF, Tab 1 at 3. Mr. Ward withdrew from representing the appellant on November 19, 2015. IAF, Tab 7 at 4. The appellant was subsequently represented by Bensy Benjamin, Esquire, from December 22, 2015, until Ms. Benjamin withdrew as counsel on January 26, 2016. IAF, Tab 9 at 2, 12 at 4. On review, the appellant is again represented by Ms. Benjamin. PFR File, Tab 1 at 8-9, 13, Tab 3 at 16.

order, and that she "anticipat[ed] withdrawing her [a]ppeal by the end of the week." *Id.*

¶4   However, the appellant did not file a notice of withdrawal, and on February 10, 2016, the administrative judge issued an order directing the appellant to notify her by February 16, 2016, if she wished to continue to pursue her appeal.[3]  IAF, Tab 14 at 1.  The administrative judge informed the appellant that if she failed to respond to the February 10, 2016 order, she would interpret the appellant's silence as an expression that she did not oppose her appeal being dismissed as withdrawn. *Id*.

¶5   The appellant did not respond to the order, and on February 17, 2016, the administrative judge issued an initial decision dismissing the appeal as withdrawn.  IAF, Tab 15, Initial Decision (ID).  The appellant has filed a petition for review of the initial decision, in which she contends that the administrative judge erred in dismissing the appeal as withdrawn.  Petition for Review (PFR) File, Tab 3 at 9-10.  She also argues that the Board has jurisdiction over the appeal because she intended to appeal from a September 5, 2015 Final Agency Decision (FAD) on a formal equal employment opportunity (EEO) complaint regarding a restoration claim, in addition to seeking enforcement of the grievance settlement. *Id*. at 11-15.  The agency has responded in opposition to the petition for review.  PFR File, Tab 7.

¶6   On July 27, 2016, the Board issued a show cause order directing the parties to submit evidence and argument regarding:  (1) whether the restoration issues raised in the appellant's EEO complaint were identical to those resolved in the grievance settlement; and (2) whether the grievance settlement precluded the appellant from appealing the restoration issues raised in her EEO complaint to the

---

[3]  The administrative judge also ordered the appellant to file a response to the jurisdictional issues raised in the January 12, 2016 order if she wished to pursue her appeal.  IAF, Tab 14 at 1.

Board.  PFR File, Tab 8 at 3.  Both parties responded to the show cause order. PFR File, Tabs 9-12.

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge erred in dismissing the appeal as withdrawn.

¶7 An appellant's withdrawal of an appeal is an act of finality that removes the appeal from the Board's jurisdiction.  *Lincoln v. U.S. Postal Service*, 113 M.S.P.R. 486, ¶ 7 (2010).  Generally, the Board will not reinstate a withdrawn appeal absent unusual circumstances, such as misinformation or new and material evidence.  *Wooten v. Office of Personnel Management*, 86 M.S.P.R. 113, ¶ 5 (2000).  However, the relinquishment of one's right to appeal to the Board must be by clear, unequivocal, and decisive action.  *Id*.; *Phillips v. Department of the Air Force*, 71 M.S.P.R. 381, 383 (1996); *Etheridge v. Department of Veterans Affairs*, 67 M.S.P.R. 53, 56 (1995).

¶8 In the initial decision, the administrative judge dismissed the appeal as withdrawn on the ground that the appellant failed to respond to the February 10, 2016 order, without making any finding whether the appellant's withdrawal was clear, unequivocal, and decisive.  ID at 1-2.  On review, the appellant contends that her failure to respond to the order was not a clear, unequivocal, or decisive action establishing that she wished to relinquish her right to appeal to the Board. PFR File, Tab 3 at 9-10.  We agree.

¶9 Although the appellant's counsel filed a pleading stating that the appellant anticipated withdrawing her appeal, the record does not reflect that the appellant took any affirmative action to withdraw the appeal or made any affirmative representations that she was withdrawing the appeal.  *See Hopkins v. Office of Personnel Management*, 67 M.S.P.R. 289, 291 (1995) (finding that an administrative judge erred in dismissing an appeal as withdrawn when the only evidence in the record regarding the appellant's withdrawal of her appeal was a memorandum reflecting that the appellant's representative indicated during a

teleconference that he was considering withdrawing the appeal); *cf. Lincoln*, 113 M.S.P.R. 486, ¶¶ 5, 8 (finding that an administrative judge correctly dismissed an appeal as withdrawn when an appellant filed a signed notice of withdrawal); *Clark v. Department of the Treasury*, 9 M.S.P.R. 48, 49-50 (1981) (finding that an administrative judge properly dismissed an appeal as withdrawn when the appellant's representative stated on the record that the appellant was withdrawing an appeal, and both the appellant and his representative signed a settlement agreement).  Under the circumstances, including the appellant's pro se status at the time of the February 26, 2016 order, the lack of any affirmative action by her to withdraw the appeal, and the absence of any evidence that she understood or was informed that withdrawing the appeal was an act of finality, we find that the appellant's failure to respond to a single order is not the kind of clear, unequivocal, and decisive action necessary to effectuate the withdrawal of an appeal.  *See Wooten*, 86 M.S.P.R. 113, ¶ 7 (finding that an administrative judge erred in dismissing an appeal as withdrawn when an appellant affirmatively responded to the administrative judge's inquiry regarding whether he wished to withdraw the appeal, considering, among other things, the appellant's pro se status and the fact that he continued to have questions about what would happen with his appeal); *cf. Clark v. U.S. Postal Service*, 123 M.S.P.R. 466, ¶¶ 4-15 (2016) (affirming an initial decision dismissing a restoration appeal for lack of jurisdiction, rather than as withdrawn, when an appellant failed to respond to a jurisdictional order and she did not otherwise raise nonfrivolous allegations to establish jurisdiction over her appeal).  Accordingly, we find that the administrative judge erred in dismissing the appeal as withdrawn, and we vacate the initial decision dismissing the appeal as withdrawn.

## We dismiss the appeal for lack of jurisdiction.

¶10    We turn next to the question of whether the appeal should be dismissed for lack of jurisdiction, as opposed to be dismissed as withdrawn.  After reviewing

the parties' responses to the show cause order and other pleadings on review, we find that the Board lacks jurisdiction over the appeal.

¶11 When an employee chooses to settle a grievance, that course of action may divest the Board of jurisdiction over the underlying matter. *Hanna v. U.S. Postal Service*, 101 M.S.P.R. 461, ¶ 8 (2006). The Board will review the terms of a settlement agreement and the surrounding circumstances to determine if it retains jurisdiction over an appeal that was settled in another procedural avenue. *Id.* Even when a settlement agreement does not explicitly bar a Board appeal, the appellant must have expressly reserved the right to seek Board review for the Board to retain jurisdiction. *Mays v. U.S. Postal Service*, 995 F.2d 1056, 1060 (Fed. Cir. 1993); *Swink v. U.S. Postal Service*, 111 M.S.P.R. 620, ¶ 11 (2009), *aff'd*, 372 F. App'x 90 (Fed. Cir. 2010).

¶12 Here, on or about January 23, 2015, the appellant's union filed a grievance on her behalf, alleging that, from October 10, 2014, onwards, the agency violated a collective bargaining agreement and the agency's Employee and Labor Relations Manual (ELM) when it failed to provide the appellant with a limited-duty work assignment within her medical restrictions. PFR File, Tab 11 at 15, 20, 23-40. Among other things, the appellant's union alleged that limited-duty work assignments that the agency provided the appellant on October 23, 2014, and January 5, 2015, required her to work outside of her medical restrictions. *Id.* at 23-25, 29.

¶13 The September 16, 2015 grievance decision, which was signed by the appellant's union representative and an agency representative, reflects that the parties settled the appellant's grievance. IAF, Tab 8 at 14, 17. Pursuant to the settlement, the agency agreed that it violated the collective bargaining agreement when it failed to demonstrate that it conducted a search for a limited-duty work assignment within the appellant's medical restrictions in accordance with the requirements of the ELM. *Id.* at 14. The agency further agreed that the appellant would be:

> [M]ade whole for any loss of wages and benefits beginning 10/10/2014 until such time as [the appellant] is returned to full duty and/or application of the [applicable sections] of the [ELM] have been fulfilled.

*Id*. The grievance decision does not reflect, and the appellant does not allege, that she reserved the right to file a Board appeal. *Id*. at 14-17; *see* PFR File, Tab 9.

¶14    The appellant has not attempted to disavow the grievance settlement, either below or on review. IAF, Tabs 1, 12; PFR File, Tabs 1, 3, 9; *see Perry v. U.S. Postal Service*, 78 M.S.P.R. 272, 278 (1997) (finding that, although an appellant did not reserve the right to appeal to the Board in a grievance settlement agreement, he could still establish jurisdiction over his Board appeal if he demonstrated that he involuntarily entered into the settlement agreement). Instead, in her initial appeal form, the appellant appeared to seek enforcement of the grievance settlement through her Board appeal. IAF, Tab 1 at 6. However, the Board lacks jurisdiction to enforce a settlement agreement, such as the grievance settlement at issue here, that was reached in another forum and was not entered into the record of a Board appeal for enforcement purposes. *Johnson v. U.S. Postal Service*, 108 M.S.P.R. 502, ¶ 8 n.5 (2008) (finding that the Board has no authority to enforce or invalidate a settlement agreement reached in another forum), *aff'd*, 315 F. App'x 274 (Fed. Cir. 2009); *Lopez v. U.S. Postal Service*, 71 M.S.P.R. 461, 463 (1996) (finding that the Board lacked jurisdiction to enforce a settlement agreement that was not entered into the record for enforcement purposes).

¶15    On review, the appellant does not dispute that the grievance settlement divests the Board of jurisdiction over the matters raised in her grievance, or that the Board lacks jurisdiction to enforce the grievance settlement agreement. PFR File, Tabs 3, 9. However, for the first time on review, the appellant argues that the Board has jurisdiction over her appeal despite the grievance settlement, because she also intended to appeal from the September 5, 2015 FAD on her

formal EEO complaint, in which she alleged that the agency discriminated against her based on age, sex, and disability when it: (1) attempted to make her work outside of her medical restrictions on October 29, 2014, and January 5-9, 2015; and (2) told her that there was no work within her medical restrictions on January 9, 2015. PFR File, Tab 3 at 3-4, 11-15, Tab 9 at 2-9; IAF, Tab 8 at 19-41, Tab 11 at 30-52, 418, 433-35. The appellant does not explain why she failed to raise this argument below, when, as here, the agency referenced the EEO complaint and the FAD in its pleadings below, and filed the FAD twice below. PFR File, Tab 3 at 3-4, 11-15, Tab 9; *see* IAF, Tab 8 at 5, 19-41, Tab 11 at 8, 30-52. Nevertheless, because the appellant alleges that her new argument implicates the Board's jurisdiction over the appeal, and the issue of jurisdiction is always before the Board and may be raised by any party or sua sponte by the Board at any time during a Board proceeding, we will consider the appellant's argument. *See Lovoy v. Department of Health & Human Services*, 94 M.S.P.R. 571, ¶ 30 (2003) (finding that the issue of the Board's jurisdiction is always before the Board, and it may be raised by either party or sua sponte by the Board at any time).

¶16      After considering the parties' responses to the show cause order, we find that the appellant failed to demonstrate that she raised any appealable issues in her formal EEO complaint distinct from those raised and resolved in her grievance. PFR File, Tabs 3, 9. The September 16, 2015 grievance decision, the grievance form, and the union's detailed contentions in support of the grievance demonstrate that the grievance settlement encompassed the appealable restoration issues raised in the appellant's formal EEO complaint—that is, the agency's failure to conduct a proper search for a limited-duty work assignment within the appellant's medical restrictions, and the appellant's claims that the agency attempted to make her work outside of her medical restrictions in the October 23, 2014 and January 5, 2015 limited-duty work assignments. IAF, Tab 8 at 14, 19-41; PFR File, Tab 11 at 15, 20, 23-40.

¶17    On review, the appellant argues that the Board has jurisdiction over her appeal because in an informal EEO complaint that she filed on or about January 20, 2015, she alleged that agency managers harassed limited-duty employees, an issue that she contends is distinct from the restoration claims resolved in her grievance.  PFR File, Tab 9 at 4, 6-9, Tab 11 at 14, 399.  We disagree.  As an initial matter, the appellant's harassment claim was not accepted for investigation as part of her formal EEO complaint or addressed in the FAD, and the appellant does not contend that she objected to the issues accepted for investigation, despite being notified of the accepted issues and afforded the opportunity to do so.  PFR File, Tab 11 at 418, 458.  Moreover, even if the appellant's harassment claim was included in her formal EEO complaint, the Board only could consider such a claim to the extent that it pertained to the issue of whether the agency's denial of restoration was arbitrary and capricious.  *See Latham v. U.S. Postal Service*, 117 M.S.P.R. 400, ¶ 58 (2012), *superseded by regulation on other grounds as recognized in Kingsley v. U.S. Postal Service*, 123 M.S.P.R. 365, ¶ 10.  However, because the grievance settlement encompassed the appellant's claim that she was denied restoration during the time period at issue in her formal EEO complaint, and the appellant did not reserve the right to appeal to the Board, the Board lacks jurisdiction to address this issue.  *See Swink*, 111 M.S.P.R. 620, ¶ 11; *Hanna*, 101 M.S.P.R. 461, ¶ 8.

¶18    Contrary to the appellant's assertions on review, the appellant's discrimination claims in her formal EEO complaint also do not confer Board jurisdiction over her appeal.  PFR File, Tab 3 at 13.  Although a denial of restoration based on prohibited discrimination may be arbitrary and capricious, *see Paszko v. U.S. Postal Service*, 119 M.S.P.R. 207, ¶ 15 (2013), similar to the appellant's harassment claims, the grievance settlement divested the Board of jurisdiction over the appellant's claims that the agency violated her restoration rights, regardless of whether that denial was based on discrimination or some other reason.  *See Swink*, 111 M.S.P.R. 620, ¶ 11; *Hanna*, 101 M.S.P.R. 461, ¶ 8.

Moreover, the Board does not have jurisdiction over the appellant's discrimination claims in the absence of jurisdiction over her restoration appeal or any other appealable action. *See Latham*, 117 M.S.P.R. 400, ¶ 58; *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (finding that prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).

¶19    Thus, because the Board lacks jurisdiction over the appellant's restoration claims, this is not a mixed case, and the Board lacks jurisdiction to consider the appellant's claims under mixed-case procedures.[4]  *See* 5 U.S.C. § 7702(a)(1) (providing Board jurisdiction over discrimination claims raised in connection with otherwise appealable actions); 29 C.F.R. § 1614.302(a)(2) (defining a mixed-case complaint as a complaint of discrimination "related to or stemming from an action that can be appealed to" the Board).  Accordingly, we dismiss the appeal for lack of jurisdiction.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

This Final Order constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

---

[4] On review, the appellant notes that the FAD provided mixed-case appeal rights.  PFR File, Tab 3 at 13.  However, the fact that the FAD provided mixed-case appeal rights is insufficient to confer jurisdiction over the appeal. *Morales v. Social Security Administration*, 108 M.S.P.R. 583, ¶ 5 (2008) (finding that the mere fact that an agency informed the appellant that she may have a right of appeal to the Board did not confer jurisdiction on the Board).

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                         _____
                                                    Jennifer Everling
                                                    Acting Clerk of the Board

Washington, D.C.