**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

TROY R. THOMPSON,
        Appellant,

      v.

DEPARTMENT OF VETERANS
   AFFAIRS,
        Agency.

DOCKET NUMBER
PH-1221-18-0001-W-1

DATE: May 8, 2023

**THIS FINAL ORDER IS NONPRECEDENTIAL[1]**

Troy R. Thompson, Bensalem, Pennsylvania, pro se.

Lauren Russo, Esquire, Philadelphia, Pennsylvania, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal as barred by a prior settlement agreement. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to dismiss the appeal for lack of jurisdiction on the basis of the settlement agreement and to address the appellant's argument that the agency breached the agreement insofar as it relates to the enforceability of the waiver provision, we AFFIRM the initial decision.

## BACKGROUND

¶2      The appellant filed an appeal with the Board alleging that the agency had engaged in whistleblower retaliation. Initial Appeal File (IAF), Tab 1 at 3. He attached to his appeal a copy of a November 23, 2016 notice of a proposed 7-day suspension. *Id.* at 7. He did not request a hearing. *Id.* at 2. Thereafter, the agency filed a motion to dismiss the appeal as settled per a July 7, 2017 settlement agreement entered into between the parties in resolution of a United States District Court civil action. IAF, Tab 5. The administrative judge ordered the appellant to show cause why the appeal should not be dismissed pursuant to the settlement agreement. IAF, Tab 6. In response to the order, the appellant filed a motion to enforce the settlement agreement, alleging that the agency breached the agreement by not remitting his settlement payment within 45 days. IAF, Tab 7.

¶3      The administrative judge issued an initial decision based on the written record dismissing the appeal as barred by a prior settlement agreement.  IAF, Tab 8, Initial Decision (ID).  He found that the settlement agreement included a comprehensive release of claims provision precluding the appellant's appeal to the Board.  ID at 2-3.

¶4      The appellant timely filed a petition for review.  Petition for Review (PFR) File, Tab 1.  On review, the appellant alleges that the agency breached the settlement agreement by remitting the settlement payment approximately 10 days late and he requests the Board take "corrective action" against the agency to compensate him for the "financial hardship and physical injury" he suffered as a result of the delay.  *Id.* at 4.  The agency filed a response.  PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5      In considering the impact of a prior settlement agreement on a pending appeal, the Board will consider the agreement to determine the effect on the Board appeal and any waiver of Board appeal rights, even when, as here, the agreement was reached outside of a Board proceeding.  *Swidecki v. U.S. Postal Service*, 101 M.S.P.R. 110, ¶ 7 (2006); *Covington v. Department of the Army*, 85 M.S.P.R. 612, ¶¶ 10-12 (2000).  To show that a waiver of appeal rights in a settlement agreement is unenforceable, an appellant must show the following:  he complied with the agreement, but the agency breached it; he did not voluntarily enter into the agreement; or the agreement was the result of fraud or mistake.  *Covington*, 85 M.S.P.R. 612, ¶ 12.  A party may establish breach of the settlement agreement by proving that the other party acted in bad faith or failed to comply with the agreement in a material way.  *Williams v. Department of the Treasury*, 95 M.S.P.R. 547, ¶ 9 (2004).  When an appellant raises a nonfrivolous factual issue of compliance with such a settlement agreement, the Board must resolve that issue before addressing the scope and applicability of a waiver of appeal rights in the settlement agreement.  *Covington*, 85 M.S.P.R. 612, ¶ 12.

¶6         Here, the appellant alleges the agency breached the settlement agreement and requests that the Board enforce the agreement. PFR File, Tab 1 at 4; IAF, Tab 7 at 4. The appellant argues that, while he received his settlement payment of $157,500.00 from the agency, it was received approximately 10 days late. PFR File, Tab 1 at 4. It is undisputed that the agency issued a check to the appellant's attorney on August 24, 2017. PFR File, Tab 3 at 8. Therefore, even if the appellant's allegation is true, the minor delay in remitting payment is insufficient to establish a material breach of the settlement agreement. *See Lutz v. U.S. Postal Service*, 485 F.3d 1377, 1381 (Fed. Cir. 2007) ("A breach is material when it relates to a matter of vital importance or goes to the essence of the contract" (quoting *Thomas v. Department of Housing and Urban Development*, 124 F.3d 1439, 1442 (Fed. Cir. 1997))); *see also Burks v. Department of the Interior*, 93 M.S.P.R. 94, ¶ 8 (2002) (finding that a minimal delay in fulfilling requirements of a settlement agreement is not a material breach), *aff'd*, 85 F. App'x 217 (Fed. Cir. 2004). Thus, the appellant has not alleged facts that, if proven, would show a material breach of the settlement agreement.[2]

¶7         For a waiver of appeal rights to be enforceable, its terms must also be comprehensive, freely made, and fair, and execution of the waiver did not result from agency duress or bad faith. *Swidecki*, 101 M.S.P.R. 110, ¶ 17. In deciding whether the appellant freely and voluntarily entered into the settlement agreement, the Board will consider whether he was represented, whether he has demonstrated that he was mentally impaired when the agreement was reached,

---

[2] Moreover, as the administrative judge correctly found, this settlement agreement was entered into in a case before the United States District Court, not in a Board appeal. ID at 3. Thus, the Board may not address the appellant's allegation that the agency breached the settlement agreement and take "corrective action" against the agency because the Board has no authority to enforce a settlement agreement reached in another forum. *Johnson v. U.S. Postal Service*, 108 M.S.P.R. 502, ¶ 8 n.5 (2008), *aff'd*, 315 F. App'x 274 (Fed. Cir. 2009); *see Swidecki*, 101 M.S.P.R. 110, ¶ 26.

and whether he has otherwise shown that he was unable to understand the nature of the settlement agreement fully. *Id.* Here, as noted by the administrative judge, the appellant was represented by his attorney, and both the appellant and his attorney signed the settlement agreement. IAF, Tab 5 at 10; ID at 2. Such representation is significant in determining the validity of a waiver of appeal rights. *Clede v. Department of the Air Force*, 72 M.S.P.R. 279, 285 (1996), *aff'd*, 113 F.3d 1257 (Fed. Cir. 1997) (Table). The agreement also specifically provided, and the appellant has not alleged otherwise, that he was mentally competent and entered into the agreement voluntarily, without duress or pressures. IAF, Tab 5 at 8.

¶8        Because the appellant has not shown that the agency breached the settlement agreement or that it was invalid, we next address the scope and applicability of the waiver of appeal rights in the agreement. *See Rhett v. U.S. Postal Service*, 113 M.S.P.R. 178, ¶ 17 (2010); *Covington*, 85 M.S.P.R. 612, ¶ 12. We agree with the administrative judge and find that the July 6, 2017 settlement agreement includes an explicit waiver of the appellant's Board appeal rights. Here, the agreement provided that the parties:

> [w]ish to . . . settle and compromise fully any and all claims and issues that have been raised, or could have been raised, arising out of [the appellant's] employment with the [agency] prior to the execution of this Agreement.

IAF, Tab 5 at 4.

Moreover, the agreement states that the appellant:

> [r]eleases and forever discharges . . . [the agency], their past and present respective officers, agents, and employees, from any and all claims, demands, suits, rights, damages, union charges, administrative remedies (including but not limited to Merit Systems Protection Board or Equal Employment Opportunity Commission filings), and causes of action and grievances of any and every kind, nature, and character, known or unknown, which [the appellant] may now have or has ever had against the [agency], or any of its officers, agents, and employees, which arose in whole or in part from [the appellant's] employment relationship with the [agency].

*Id.* at 5-6.

¶9 This language constitutes a clear and unequivocal waiver of the appellant's right to appeal the alleged personnel actions at issue in his appeal. IAF, Tab 1 at 5. In addition, in exchange for his voluntary waiver of appeal rights, the appellant received consideration from the agency in the form of a lump sum payment of $157,500.00. *See Swidecki*, 101 M.S.P.R. 110, ¶ 23 (explaining that, for a waiver of Board appeal rights to be enforceable, the agency must provide some consideration to the appellant in exchange for the waiver); IAF, Tab 5 at 5.

¶10 Because, for the reasons noted above, the appellant has not shown that this waiver is unenforceable, we conclude that the Board lacks jurisdiction over his appeal on the basis of the settlement agreement. *See Rhett*, 113 M.S.P.R. 178, ¶ 17.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                      /s/ for

                                            Jennifer Everling
                                            Acting Clerk of the Board

Washington, D.C.