**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| NORMAN JOHNSON,<br>    Appellant, | DOCKET NUMBER<br>NY-831M-21-0122-C-1 |
| v. | |
| OFFICE OF PERSONNEL<br>    MANAGEMENT,<br>        Agency. | DATE:  February 21, 2025 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Norman Johnson</u>, Brooklyn, New York, pro se.

<u>Angerlia D. Johnson</u> and <u>Eva Ukkola</u>, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Henry J. Kerner, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

The appellant has filed a petition for review of the compliance initial decision, which denied his petition for enforcement.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the compliance initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b). However, we FORWARD the appellant's claim regarding the calculation of his Civil Service Retirement System (CSRS) deferred annuity benefits to the Northeastern Regional Office for docketing as a new appeal.

## BACKGROUND

On July 2, 2021, the appellant filed an appeal with the Board indicating that he was challenging a June 21, 2021 determination by the Office of Personnel Management (OPM) that he had been overpaid $7,088.50 in CSRS annuity benefits. *Johnson v. Office of Personnel Management*, MSPB Docket No. NY-831M-21-0122-I-1, Initial Appeal File (IAF), Tab 1 at 3, 12-14. In his filings, the appellant also challenged OPM's computation of his annuity benefits and asserted that he had previously appealed the calculation of his benefits to the Board only to have OPM rescind its decisions regarding the same. *Id.* at 13-14. OPM thereafter requested that the appeal be dismissed for lack of jurisdiction, arguing that it had not yet issued a final, or even an initial, decision regarding the purported $7,088.50 overpayment. IAF, Tab 6 at 4-5.

Without holding the appellant's requested hearing, the administrative judge issued an initial decision dismissing the matter for lack of jurisdiction. IAF, Tab 9, Initial Decision (ID) at 1-2. In so doing, the administrative judge explained that, because OPM had not issued a final decision, the Board lacks jurisdiction over the matter. ID at 2. The initial decision did not address the appellant's assertion that OPM had previously rescinded prior decisions regarding the calculation of his annuity benefits. The appellant thereafter filed a petition for review of the initial decision. *Johnson v. Office of Personnel Management*, MSPB Docket No. NY-831M-21-0122-I-1, Petition for Review File, Tab 1.

On January 31, 2023, the Board issued a Remand Order in the matter. *Johnson v. Office of Personnel Management*, MSPB Docket No. NY-831M-21-0122-I-1, Remand Order (Jan. 31, 2023) (Remand Order). The Remand Order explained that, although the Board generally has jurisdiction over OPM determinations affecting an appellant's rights or interests under CSRS only after OPM has issued a final decision, the Board may assert jurisdiction over an appeal concerning a retirement matter in which OPM has refused or improperly failed to issue a final decision. Remand Order, ¶ 4. The Board explained that the appellant had repeatedly attempted, without success, to appeal a recalculation of his CSRS annuity benefits, which would impact the $7,088.50 overpayment at issue. *Id.*, ¶¶ 5-6. The Board acknowledged that OPM had argued before the administrative judge that its June 21, 2021 determination regarding the $7,088.50 debt did not constitute an initial decision; however, the Board found this argument unpersuasive and stated that the June 21, 2021 determination "constitutes an initial decision." *Id.*, ¶ 7 n.5. The Board provided OPM with an opportunity "to clearly express its position regarding both the calculation of the appellant's annuity benefits and any overpayment related thereto" before determining whether to exercise jurisdiction. *Id.*, ¶ 6. The Board remanded both issues to OPM for further consideration and ordered OPM to inform the appellant in writing when it believed that it had carried out the Board's order. *Id.*, ¶¶ 7-8.

On July 5, 2023, the appellant filed a petition for enforcement with the Board. *Johnson v. Office of Personnel Management*, MSPB Docket No. NY-831M-21-0122-C-1, Compliance File (CF), Tab 1. The appellant indicated that he sought enforcement of "his settlement agreement with OPM," *id.* at 1, and he provided a copy of a 1980 settlement agreement entered into between the appellant and OPM before the U.S. Court of Appeals for the Second Circuit, *id.* at 3. He also requested a hearing regarding his annuity calculation and asserted, among other things, that OPM had committed fraud. *Id.* at 1-2.

In response, OPM averred that it had reviewed the appellant's file and prepared an initial decision explaining the appellant's annuity calculation. CF, Tab 4 at 4. The agency provided a July 20, 2023 initial decision[2] summarizing its calculation of the appellant's CSRS deferred annuity. *Id.* at 6-10. This decision concluded that the assessment of the $7,088.50 overpayment debt "was in error." *Id.* at 9. The decision also explained that the appellant's annuity had been erroneously suspended "since June 2021" and indicated that his annuity would "be reinstated and all retroactive funds paid" once the appellant's direct deposit information was verified. *Id.* OPM averred that the appellant had never been provided with an initial decision solely regarding the computation of his deferred annuity because the issue had previously been tied to an overpayment matter; accordingly, in "the interest of efficiency and having a clear record" it had issued a "new initial decision" on the issue. CF, Tab 7 at 5. OPM stated that, if the appellant wished to seek reconsideration of its initial decision, it would render a final, appealable decision within 30 days of receipt of his request. *Id.* at 6.

On December 4, 2023, the administrative judge issued a compliance initial decision denying the appellant's petition for enforcement. CF, Tab 9, Compliance Initial Decision (CID) at 1. The administrative judge found that the appellant had not pled a breach of the Board's Remand Order and that, in any

---

[2] The initial decision was erroneously dated July 20, 2021. CF, Tab 4 at 6, Tab 7 at 5, 12.

event, OPM had demonstrated compliance with the Remand Order. CID at 4. The administrative judge also indicated that the appellant had sought enforcement of an over 40-year-old settlement agreement but had not established a breach of the settlement's terms.[3] *Id.*

The appellant has filed a petition for review of the compliance initial decision, the agency has filed a response, and the appellant has filed a reply. Compliance Petition for Review (CPFR) File, Tabs 1, 4-5.

## ANALYSIS

We agree with the administrative judge's conclusion that the appellant's petition for enforcement should be denied. CID at 1, 4. To this end, the appellant did not discernably allege a violation of the Board's Remand Order. *E.g.*, CF, Tab 8 at 1.[4] Thus, we affirm the compliance initial decision.

However, we forward the appellant's claims regarding the computation of his annuity benefits to the regional office for docketing as a new appeal. As set

---

[3] The compliance initial decision stated that OPM had "argued that the appellant missed the deadline for filing a reconsideration request from its July 2[0], 2023, initial decision on the appellant's annuity, and argued that it is now final." CID at 3 (citing CF, Tab 7 at 5). OPM, however, did not make such an argument. Indeed, OPM's last filing before the administrative judge was submitted on August 11, 2023, and explained that the appellant still had until August 22, 2023, to request reconsideration of the July 20, 2023 initial decision. CF, Tab 7 at 5. In any event, we find that this misstatement is not material to the outcome of this matter. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (stating that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

[4] To the extent the appellant sought to have the Board enforce the 1980 settlement, which was entered into before the Second Circuit, we clarify that the Board has no authority to enforce or invalidate a settlement agreement reached in another forum. *Johnson v. U.S. Postal Service*, 108 M.S.P.R. 502, ¶ 8 n.5 (2008), *aff'd*, 315 F. App'x 274 (Fed. Cir. 2009). Moreover, it is well settled that the Board lacks jurisdiction to enforce a settlement agreement that has not been entered into the Board's record for enforcement purposes. *Barker v. Department of Agriculture*, 100 M.S.P.R. 695, ¶ 6 (2006); *see* 5 C.F.R. § 1201.182(a) ("Any party may petition the Board for enforcement of a final decision or order issued under the Board's appellate jurisdiction, or for enforcement of the terms of a settlement agreement that has been entered into the record for the purpose of enforcement in an order or decision under the Board's appellate jurisdiction.").

forth in the Board's Remand Order, OPM has already issued, and thereafter rescinded, reconsideration decisions pertaining to the appellant's CSRS deferred annuity benefits. Remand Order, ¶ 5. Moreover, OPM's July 20, 2023 decision was responsive to specific arguments raised by the appellant regarding the calculation of his annuity benefits. *E.g.*, CF, Tab 4 at 8. We therefore find, based on the unusual circumstances of this case, that OPM's July 20, 2023 decision constitutes an appealable reconsideration decision regarding the calculation of the appellant's CSRS deferred annuity benefits, and we forward the matter to the regional office for adjudication of the merits of the decision.[5]

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[5] The record suggests that, in lieu of requesting reconsideration of OPM's July 20, 2023 decision, the pro se appellant awaited the issuance of the compliance initial decision and thereafter timely filed a petition for review of the same with the Board. CPFR File, Tab 1 at 2.

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                   _____

Gina K. Grippando

Gina K. Grippando
Clerk of the Board

Washington, D.C.